**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

WASEEM DAKER,
    Plaintiff,

                    v.

TYRONE OLIVER, *et al.*,
    Defendants.

Civil Action No.
1:25-cv-03191-SDG

## OPINION AND ORDER

This matter is before the Court on Plaintiff Waseem Daker's objections[1] to United State Magistrate Judge John K. Larkins, III 's June 17, 2025 Order requiring him to file an amended complaint.[2] Also pending is Judge Larkins's October 22, 2025 Order and Report and Recommendation (the R&R),[3] which addresses Daker's first Motion for Recusal[4] and his two Motions for Reconsideration.[5] In response to the R&R, Daker filed four sets of objections[6] and one set of "corrected

---

[1]    ECF 9.

[2]    ECF 5.

[3]    ECF 28.

[4]    ECF 7.

[5]    ECF 11, 12.

[6]    ECF 45, 46, 47, 48.

1

objections."[7] In addition, this Order addresses the 26 other pending motions filed by Daker.[8]

## I.    Background

Daker is currently an inmate at Valdosta State Prison in Georgia. On January 27, 2025, he filed a complaint naming more than 80 Defendants and alleging multiple instances of mail being rejected by prison officials, legal mail being opened outside his presence, religious mail being denied, and a denial of his religious diet.[9] The allegations span nearly six years and include Defendants from three different penal institutions as well as statewide officials.[10] The complaint was initially filed in the Monroe County Superior Court and later transferred to the Fulton County Superior Court.[11] Defendants removed based on federal question jurisdiction,[12] and the case was presented for review by Judge Larkins pursuant to 28 U.S.C. § 1915A.[13]

---

[7]    ECF 58-1.

[8]    ECF 6, 12, 13, 17, 18, 20, 23, 25, 34, 35, 36, 37, 38, 39, 40, 51, 53, 55, and 58.

[9]    ECF 1-1.

[10]    *See, e.g., id.* at 14 (naming as Defendants current and former commissioners and regional directors of the Georgia Department of Corrections, as well as various prison wardens and deputy wardens (among others)).

[11]    *Id.* at 58.

[12]    ECF 1.

[13]    ECF 3.

## II.    The June 17, 2025 Order

### A.    Judge Larkins's Conclusions

In the June 17 Order, Judge Larkins determined that Daker's complaint did not comply with Federal Rule of Civil Procedure 20(a), which provides that a plaintiff may join multiple defendants in a single action *only* if (1) the right to relief asserted against them arises "out of the same transaction, occurrence, or series of transactions or occurrences" and (2) there is a question of law or fact common to all defendants.[14] Fed. R. Civ. P. 20(a). Judge Larkins therefore ordered Daker to submit an amended complaint within thirty days; the order instructed Daker "to join defendants only where the right to relief asserted against them arises from the same transaction, occurrence, or series of transactions and occurrences and at least one question of law or fact common to all defendants will arise in the action."[15] The order warned Daker that failure to comply could result in dismissal.[16]

Daker filed objections to the June 1 Order,[17] as well as a Motion for Reconsideration and Clarification.[18] In his objections, Daker contends that all Defendants were properly joined because "they adopt, implement, or maintain the

---

[14]    ECF 5.

[15]    *Id.* at 5.

[16]    *Id.* at 6.

[17]    ECF 9.

[18]    ECF 12.

same policies and customs that result in the violations of Plaintiff's rights or because they personally participated in the violations of Plaintiff's rights."[19] Daker also asserts that, under Fed. R. Civ. P. 18(a), he may join as many claims as he has against an opposing party.[20] His motion for reconsideration largely mirrors his objections but includes some additional explanations for why—contrary to Judge Larkins's instructions—he *added* Defendants to his amended complaint. He then asks the Court to direct him on how to raise claims related to the alleged denial of his religious diet.[21]

## B.     Applicable Law

A magistrate judge may hear and determine any non-dispositive pretrial matter pending before the Court, and the decision of the magistrate judge is a final decision. 28 U.S.C. § 636(b)(1)(A). Under Fed. R. Civ. P. 72(a), a party may object to such an order and the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." *See Addison v. Gwinnett Cnty.*, 917 F. Supp. 802, 808 (N.D. Ga. 1995). The standard for overturning a magistrate judge's non-dispositive order is "a very difficult one to meet." *Faircloth v. Baden*, No. 11–cv–86, 2012 WL 3574353, at *1

---

[19]   ECF 9, at 20.

[20]   *Id.* at 25.

[21]   ECF 12.

(M.D. Ga. Aug. 16, 2012) (quoting *Thornton v. Mercantile Stores Co.*, 180 F.R.D. 437, 439 (M.D. Ala. 1998)). A magistrate judge's orders "should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with the 'definite and firm conviction that a mistake has been committed.'" *Hanson v. Experian Info. Sols., Inc.*, No. 23-cv-4564, 2024 WL 3509482, at *3 (N.D. Ga. July 22, 2024) (citations omitted).

### C.    Discussion

Daker has not shown clear error in the June 17 Order. While joinder of claims and parties is often encouraged, *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017), district courts have broad discretion to permit or deny joinder as they deem appropriate. *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002). Thus, "even if the technical requirements for joinder are met, the Court has discretion to deny joinder if it determines that the addition of a party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense[,] or delay." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1342 (M.D. Fla. 2013) (cleaned up); *see also Henderson v. FedEx Exp.*, No. 09-cv-85, 2009 WL 1951059, at *6 (M.D. Ga. July 6, 2009) (noting that judicial discretion "allows a court to consider, in addition to Rule 20's requirements, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness") (quotation marks and citation omitted).

5

The June 17 Order explained that Daker's complaint naming 82 Defendants and alleging at least 39 separate events over a nearly six-year period at three different penal institutions was excessive in both scope and breadth.[22] Undersigned agrees. Daker's objections [ECF 9] are **OVERRULED**. Likewise, his motion for reconsideration [ECF 12] is **DENIED**.

As for his request for clarification about how to proceed on claims related to the alleged denial of his religious diet,[23] a district court may not act as counsel for a party and provide advice on how to rewrite deficient pleadings. *Lampkin–Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 276–77 (11th Cir. 2008) (per curiam) (citations omitted). The motion for clarification [ECF 12] is **DENIED**.

III.    **The October 22, 2025 R&R**[24]

Having determined that there was no error in Judge Larkins's order requiring Daker to file an amended complaint, the Court now turns to Judge Larkins's evaluation of Daker's amended pleading and the imposition of sanctions.

---

[22]   ECF 5, at 4.

[23]   *Id.*

[24]   The R&R also included an order denying Daker's request for reconsideration [ECF 12]. ECF 28, at 2–4. Since this Court has itself ruled on Daker's motion for reconsideration and for clarification, his objections to Judge Larkins's ruling on reconsideration will not be considered.

### A.     Judge Larkins's Conclusions Regarding the Amended Complaint

Judge Larkins determined that Daker's amended complaint failed to comply with his June 17 Order: The amendment—which was longer and added even more Defendants—did not meet the logical relationship test employed by courts in the Eleventh Circuit.[25] The R&R also noted the particular reluctance of courts to allow *pro se* prisoners to file omnibus complaints that allow them to circumvent payment of court fees and the three-strikes provisions of the Prison Litigation Reform Act (PLRA).[26] *See Brown v. Blaine*, 185 F. App'x 166, 168–69 (3rd Cir. 2006) (concluding that allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three-strikes provision); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the three-strikes provision); *Pruden v. SCI–Camp Hill*, No. 3:cv-07-0604, 2007 WL 1490573, at *2 (M.D. Pa. May 21, 2007) ("In being permitted to combine in one complaint several separate, independent claims, Plaintiff is able to circumvent the filing fee requirements of the PLRA.").

---

[25]   ECF 28, at 6 (noting that, under the logical relationship test, "a logical relationship exists when the same operative facts serve as the basis of both claims") (cleaned up).

[26]   *Id.*

While avoidance of fee payment or the three-strikes provision would not have been direct motivating factors for Daker in this particular suit, since the case was removed to this Court by Defendants, this and many other courts have previously concluded that Daker is a serial abuser of the judicial process. *See, e.g., Daker v. Governor of Ga.*, No. 20-13602, 2022 WL 1102015, at *1 (11th Cir. Apr. 13, 2022) (per curiam) (noting that Daker is "a serial litigant who has clogged the federal courts with frivolous litigation by submitting over a thousand pro se filings in over a hundred actions and appeals in at least nine different federal courts") (citations omitted). As with other prisoners who have sought to circumvent guardrails such as court fees and filing restrictions, Daker has flouted court rules simply for purposes of harassment. *See, e.g., id.* ("Daker years ago accumulated the requisite three strikes to deny him the right to proceed as a pauper. But he has devised means to circumvent that limitation on frivolous filings.") (citations omitted). So, there are strong reasons here to prohibit Daker from filing an omnibus complaint that blatantly defied Judge Larkins's order.

Judge Larkins concluded that Daker's amended complaint joined claims arising out of separate transactions that occurred at different penal institutions.[27] He therefore rejected Daker's attempt to join in one suit claims that were merely

---

[27]    ECF 28, at 7.

8

similar in type.[28] Judge Larkins also explained that Daker's reliance on Fed. R. Civ. P. 18(a)—which generally allows a plaintiff to bring as many claims as he has against a single party—was misplaced where he failed to meet Rule 20(a)'s same-transaction test for joining multiple defendants.[29] Judge Larkins accordingly recommended that the Court dismiss Daker's claims because of his failure to comply with the June 17 Order.

## B.   Daker's Objections

### 1.   Venue

In his "corrected objections,"[30] Daker argues that the Court should consider his motion to transfer to the Middle District of Georgia before considering

---

[28]  *Id.*

[29]  *Id.*

[30]  ECF 58-1, at 1–2.

In reality, this was Daker's fifth objection to the R&R. He initially filed four sets of "partial" objections all dated December 15, 2025—the last day for filing objections. ECF 45, 46, 47, and 48. Two of those filings were unsigned. ECF 47, 48. The total number of pages objecting to the R&R—108—more than quadruples the 25-page limit. LR 72.1(E) (establishing a 25-page limit for objections); *see also* ECF 29. In violation of prior orders of this Court, Daker sought leave to file excess pages at the same time he filed these multiple sets of objections. *See, e.g., Daker v. Daker*, Case No. 1:19-cv-1636-SDG, ECF 60, at 21 ("Daker is cautioned that future requests to exceed the page limits in any of his cases in this Court must be filed (1) as separate motions and (2) in advance of the relevant deadline.").

On February 2, 2026, the Court denied Daker's motion for leave to file excess pages. ECF 57. In response to that denial, Daker filed "corrected objections" attached to a motion to accept the corrected objections out of time. ECF 58. The

dismissal. Venue would be proper in a "district in which any defendant resides" or in a "district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(10, (2).

However, to determine the appropriate venue, there must be a complaint naming defendants and asserting claims. Daker's initial pleading was defective. The Court will not consider the appropriateness of venue in the absence of an operative complaint that complies with the Federal Rules of Civil Procedure. There was no error in Judge Larkins's conclusion that there must be an appropriate complaint before considering whether transfer is warranted.

### 2.    The June 17 Order

Next, Daker argues that the R&R is premature in recommending dismissal because this Court has not yet addressed his objections to the June 17 Order's requirement that he replead.[31] As explained above, however, the June 17 Order contained no error. And Daker did file an amended complaint, despite its failure to comply with the substantive elements of Judge Larkins's directive.[32] The R&R's evaluation of that amended complaint was appropriate even though Daker's objections to the Order were pending.

---

Court **GRANTS** the motion to accept the corrected objections and deems the prior sets of objections, ECFs 45, 46, 47, and 48, to be **WITHDRAWN**.

[31]   ECF 58-1, at 2–3.

[32]   ECF 14.

10

### 3.   Vagueness

Daker further objects that the June 17 Order was vague and ambiguous.[33] But Daker's amended complaint does not demonstrate a good faith effort to comply with the June 17 Order in any way. Rather, Daker lengthened his pleading and added defendants[34] despite Judge Larkins's conclusion that "claims against multiple defendants, based on nearly 60 underlying incidents at three institutions, do not all arise out of the 'same operative facts'" and could not be joined in a single complaint.[35] Given the June 17 Order's clear rejection of his initial complaint, Daker could not, in good faith, believe that his amended complaint was compliant with the Court's directives.

### 4.   Joinder under Rules 20(a) and 21

Daker next objects by arguing that the amended complaint (as well as the initial complaint) complied with the joinder provisions of Rule 20(a).[36] In short, Daker is misusing his objections to the R&R to relitigate his challenge to the June 17 Order. Daker's disagreement with Judge's Larkins's conclusions is unavailing. Daker was ordered to replead his claims to avoid joinder of defendants and claims

---

[33]   ECF 58-1, at 4–6.

[34]   ECF 14.

[35]   ECF 28, at 7.

[36]   ECF 58-1, at 6–21.

spanning multiple years and many separate transactions.[37] He blatantly disregarded these instructions. Similarly, Daker's argument that Rule 21 prohibits dismissal for misjoinder ignores the basis for dismissal here—his willful non-compliance with the Court's order.

### 5.   Prior Cases

Daker further contends that the R&R is contrary to rulings made in other cases he has prosecuted in this Court. In raising this argument, he is again complaining about the June 17 Order's requirement that he replead. This objection once again fails to address the basis for Judge's Larkins's recommendation that this case be dismissed: Daker's failure to comply with the June 17 Order.

### 6.   Law Library Access

Finally, Daker objects that his lack of law library access is good cause to excuse his compliance with the June 17 Order. The Court disagrees. Repleading did not require Daker to research case law under Rules 18, 20, or 21, as he contends. Repleading required paring down the claims he had already presented and naming appropriate Defendants for causes of action that arose from the same operative facts, transactions, and occurrences.

"A district court has inherent authority to manage its own docket" to "achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props.,*

---

[37]   ECF 5.

*Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation marks omitted). This authority permits the Court to dismiss a claim if the plaintiff fails to comply with a reasonable court order. *Id.* The June 17 Order was reasonable in light of several factors: (1) Daker's "abusive filer" status under the PLRA and in the Northern District of Georgia; (2) the fact that Daker properly could have pursued all of his claims in separate complaints; and (3) Judge Larkins's explicit forewarning that Daker's claims would be dismissed if he failed to comply with Rule 20(a). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); *Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020) (per curiam) (noting that dismissals for failure to follow court orders have been upheld even when the plaintiff was not given explicit forewarning of dismissal). In short, Judge Larkins recommended an appropriate use of this Court's authority to dismiss this suit because of Daker's willful failure to comply with a lawful court order. Daker's objections to the R&R [ECF 58-1] are **OVERRULED,** and this action is **DISMISSED WITHOUT PREJUDICE**.

## C.    Recusal

The R&R recommends that Daker's initial motion to recuse undersigned be denied.[38] Daker did not object to this recommendation. Because Daker's basis for recusal is nothing more than his dissatisfaction with prior rulings adverse to him, there was no error in the recommendation. *Liteky v. United States*, 510 U.S. 540, 556 (1994) (indicating that judicial rulings and routine administrative efforts alone are an insufficient basis for recusal or to cast doubt on the court's impartiality).

## D.    Sanctions

### 1.    Preliminary Matters

#### i.    Recusal

Daker filed another motion to recuse undersigned based on the R&R's recommendation that he be sanctioned for violating the Court's Permanent Injunction against him.[39] In fact, Daker argues that, if undersigned is inclined to

---

[38]    ECF 28, at 11–12 (recommending denial of ECF 7).

[39]    ECF 51.

On August 4, 2020, the Court entered a permanent filing injunction against Daker which requires that (1) he pay the full filing fee when he files or attempts to file a new action in this Court; (2) he post a $1,500 contempt bond; and, if he files a new lawsuit in any federal court, that he include with his pleading (3) a copy of the injunction and (4) a list of each lawsuit, habeas corpus petition, and appeal he has filed in federal court along with the disposition of each action. *Daker v. Deal*, Case No. 1:18-cv-05243-SDG, ECF 57 (N.D. Ga.). The Permanent Injunction was upheld on appeal. *Id.*, ECF 76.

14

adopt the R&R's sanction recommendation, undersigned is "required" to recuse.[40] Daker does not explain why undersigned's inclination to rule one way or the other on sanctions mandates recusal. As the Court has informed Daker many times, adverse judicial rulings are not a sufficient basis for recusal. *Liteky*, 510 U.S. at 556.

Federal law requires that a judge disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). The test is not subjective. Rather, recusal is required if an objective, disinterested, lay observer fully informed of the facts would entertain a significant doubt about the judge's impartiality. *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990). Daker points to nothing that would give such an observer doubts about undersigned's impartiality.[41] Daker's motion for recusal [ECF 51] is **DENIED**.

### ii.    Appointment of Counsel

Another preliminary matter is Daker's motion to appoint counsel.[42] Daker contends that the imposition of the monetary sanctions recommended by Judge Larkins is a form of criminal contempt because it is punitive in nature and based on past conduct. Daker is wrong.

---

[40]   ECF 51, at 3.

[41]   *See generally* ECF 51.

[42]   ECF 39.

As the Eleventh Circuit has recognized, "[r]equiring Daker to post a bond . . . is a permissible next step to combat his vexatious litigation." *Daker v. Governor*, 2022 WL 1102015, at *2. The purpose of the contempt bond is to prevent Daker's future abuse of the judicial process in this Court, including violations of the Court's rules and orders.[43] Imposing sanctions against the bond when the Court finds that Daker has violated the Permanent Injunction (coupled with the requirement that the bond be replenished before any additional filings are accepted) is to compel Daker's compliance with Court rules and orders going forward—not to punish him for past misconduct. Daker is not entitled to counsel before the Court may impose such sanctions. The motion to appoint counsel [ECF 39] is **DENIED**.

### 2.    Daker's Bad Faith

The Court at last turns to Judge Larkins's substantive recommendation that Daker be sanctioned for violating the Permanent Injunction.[44] The R&R concluded

---

[43]    *Daker v. Deal*, Case No. 1:18-cv-05243-SDG, ECF 57, at 17–18.

[44]    The Permanent Injunction provides for sanctions to be imposed against the contempt bond:

> Daker is hereby ON NOTICE that he must refrain from filing frivolous or duplicative pleadings or motions in this Court, and his failure to so refrain may result in the imposition of sanctions. If any of Daker's future filings is deemed frivolous or duplicative, the presiding judge may, after notice to Daker and an opportunity to respond, impose a contempt sanction against Daker to be

that several of Daker's motions violated the injunction and recommends a sanction of $250 per motion.[45]

Daker did not explicitly object to this recommendation for sanctions in his "corrected objections."[46] Nevertheless, the Court conducted a *de novo* review of Judge Larkins's conclusion that Daker's motions are either frivolous or duplicative, were filed in bad faith, and violate the Permanent Injunction. The Court finds no error in this conclusion and, with one exception, agrees that sanctions should be imposed.

That one exception is Daker's first motion for recusal [ECF 7]. Although sanctions would be warranted, and despite the baseless nature of the motion, the Court shall utilize its discretion and not impose sanctions as to that motion at this time. Daker is, however, put on notice that the Court will impose sanctions (after notice and an opportunity to be heard) for future recusal motions that are based solely on Daker's objections to the Court's substantive rulings.

---

> paid from the contempt bond. In the event of such a sanction, Daker will not be allowed to file any further lawsuits unless and until the contempt bond is replenished to the amount of $1,500.00.

*Id.* at 18.

45  ECF 28, at 2, 13–14 (concerning ECFs 7, 11, 12, 13, and 20).

46  As noted above, the Court has not considered Daker's initial four "partial" objections.

17

This leaves the remaining four offending motions [ECFs 11, 12, 13, and 20]. The Court concludes that the recommended sanction of $250 for each such motion is reasonable and appropriate. Daker shall be sanctioned a total of $1,000.

## IV.   Conclusion

Based on the foregoing:

Daker's objections [ECF 9] to the June 17 Order are **OVERRULED**, and his Motion for Reconsideration and for Clarification [ECF 12] is **DENIED**.

Daker's Motion to File Corrected Objections out of time [ECF 58] is **GRANTED**. The partial objections filed at ECFs 45, 46, 47, and 48 are deemed **WITHDRAWN**.

Daker's "corrected objections" to the R&R [ECF 58-1] are **OVERRULED**; the R&R is **ADOPTED** as the order and opinion of this Court, except as to the recommendation that a sanction be imposed for Daker's first recusal motion [ECF 7], which recommendation is **DECLINED**. The motion to recuse [ECF 7] is **DENIED**.

The motions at ECFs 6, 11, 13, 17, 18, 20, 23, 25, 34, 35, 36, 37, 38, 44, 53, and 55 are **DENIED AS MOOT** and the Clerk is **DIRECTED** to terminate them.

This action is **DISMISSED WITHOUT PREJUDICE** for Daker's failure to comply with the June 17 Order. The Clerk is **DIRECTED** to close this civil action.

The Court **IMPOSES** sanctions of $1,000 against Daker for his bad faith violations of the Permanent Injunction by filing the motions at ECFs 11, 12, 13, and 20. The Clerk is **DIRECTED** to retain the funds from the contempt bond posted by Daker in *Daker v. Deal*, Case No. 1:18-cv-05243-SDG, to pay these sanctions.

All other pending motions not otherwise resolved herein are **DENIED AS MOOT WITHOUT PREJUDICE**.

Because the sanctions in this and other of Daker's cases are reducing the amount of the contempt bond, Daker must pay all outstanding sanctions and replenish the bond to its full $1,500 amount before he may file any further lawsuits. In addition, the Court shall exercise its inherent authority to control its docket and hereby **ORDERS** that the following cases shall be **STAYED** until all sanctions are paid and the contempt bond is replenished: *Daker v. Redfin Corporation Inc.*, 1:20-cv-02561-SDG; *Daker v. Head*, Case No. 1:20-cv-3690; *Daker v. Oliver*, Case No. 1:24-cv-2687; *Daker v. Jones*, Case No. 4:24-cv-0173; *Daker v. Oliver*, Case No. 1:25-cv-3898; *Daker v. Oliver*, Case No. 1:25-cv-6854; *Daker v. Jones*, Case No. 4:25-cv-0084; *Daker v. Carter*, Case No. 1:26-cv-1073; and this case. The Clerk is **DIRECTED** to strike any further filing made by Daker in any of these actions including this action until the sanctions have been paid and the contempt bond has been replenished, save a notice of appeal from this Order.

19

The Clerk is further **DIRECTED** to **ADMINISTRATIVELY CLOSE** these cases until further notice.

**SO ORDERED** this 30th day of March, 2026.

                                                        Steven D. Grimberg
                                        United States District Judge